IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00379-FDW
(3:05-cr-00339-FDW-3)

DION COXTON,                         )
                                     )
        Petitioner,                  )
                                     )
        v.                           )                **ORDER**
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )
_____ )

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss

Petitioner's pro se motion to vacate, set aside or correct sentence which is filed pursuant to 28

U.S.C. § 2255. For the reasons that follow, Respondent's motion to dismiss will be granted.

## I.       BACKGROUND

Petitioner was indicted in this District on one count of conspiracy to possess with intent

to distribute and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§

846, 841(a) and 841(b)(1)(A) (Count One); one count of conspiracy to use and carry firearms

during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count

Two); one count of the use, carry and possession of a firearm during and in relation to a drug

trafficking crime, and causing the death of another person through the use of the firearm and

aiding and abetting the same, in violation 18 U.S.C. §§ 924(c)(1), 924(j)(1), and 2 (Count

Three); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §

922(g)(1) (Count Four); and one count of possession with intent to distribute cocaine base and

aiding abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 2 (Count

Five). (3:05-cr-00339, Doc. No. 179: Second Superseding Indictment).

Petitioner elected to plead not guilty and proceeded to trial. The evidence at trial established that Petitioner and co-defendants Montare Goodman, Damien Miller and Royre Ervin worked as crack dealers in the Charlotte area. Petitioner's three co-defendant's elected to plead guilty and each testified at Petitioner's trial. The testimony demonstrated that on one occasion, an individual named Marvin Clark sold Goodman what purported to be inexpensive crack which proved to be candle wax. Clark repeated this effort by attempting to sell fake crack to Ervin, but the sale never went through because Ervin learned about the scheme. In an effort to recover the money Goodman paid to Clark, Goodman and Ervin made a plan to rob Clark, and contacted him to arrange a crack sale. Ervin met with Clark and waited until Petitioner, Goodman, and Miller could arrive on the scene. After arriving, Goodman and Petitioner exited their vehicle and shot Clark; Goodman with a rifle, and Petitioner with a semiautomatic handgun. Goodman's shot proved fatal while Petitioner's shot resulted in an injury to Clark's thigh. Following five days of testimony, the jury convicted Petitioner on all five counts in the second superseding indictment.

In advance of Petitioner's sentencing, the U.S. Probation Office prepared a presentence report (PSR). The probation officer first grouped Counts One and Five and Counts Two and Four pursuant to § 3D1.1 of the U.S. Sentencing Guidelines Manual (USSG) (2008), and then concluded that all counts would be grouped because the cross reference for first-degree murder applied because Clark was killed during the robbery. See USSG § 2A1.1 (applying § 3D1.1(a)). (3:05-cr-00339, Doc. No. 228: PSR ¶ 17). After finding a base offense level of 32 based on the amount of drugs attributable to Petitioner (at least 150 grams but less 500 grams of crack cocaine), the PSR calculated a total offense level of 43 and a Level IV criminal history category

which yielded a Guidelines range of life imprisonment. Petitioner was ultimately sentenced to a term of life imprisonment on Count One; a concurrent term of 240-months on Count Two; a concurrent term of 120 months on Count Four; a concurrent term of 408 months on Count Five; and a term of 405 months on Count Three to be served consecutively to the sentences imposed for all other counts. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 242: Judgment).

On appeal, Petitioner presented three issues. First, Petitioner challenged this Court's jury instruction on aiding and abetting contending that his indictment did not charge that offense therefore to instruct the jury on this issue effectively amended his indictment. The Circuit Court rejected this claim as being without merit after noting that Petitioner's indictment clearly charged him with aiding and abetting in Count Three. Second, Petitioner raised another challenge to this Court's jury instruction on aiding and abetting, this time arguing that the instruction was erroneous because it failed to instruct the jury that Petitioner must have knowingly aided and abetted Goodman in using or carrying a weapon or that Petitioner must have actually known that Clark would be murdered. In rejecting this claim, the Circuit Court found the instruction was proper. The Circuit Court also rejected Petitioner's contention that this Court's jury instruction that the § 924(c) and § 924(j) were separate offenses was erroneous. In his final claim, Petitioner challenged this Court's decision to allow evidence related to his past involvement with drugs and guns under Rule 404(b) of the Federal Rules of Evidence. The Circuit Court found that the evidence that in 2004, Petitioner was observed in the possession of a handgun, drugs, and drug paraphernalia was relevant on the issue of Petitioner's intent, his knowledge of the drug trade, and lack of mistake. See United States v. Coxton, 419 Fed. App'x 407 (4th Cir. 2011).

Petitioner's judgment was affirmed in all respects and he did not file a petition for a writ of certiorari with the Supreme Court of the United States.

This collateral proceeding follows and Petitioner's claims will be addressed herein.

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

A.     Ineffective Assistance of Counsel

In this § 2255 proceeding, Petitioner raises four claims of ineffective assistance of counsel (Grounds One, Two, Four, and Five). The Sixth Amendment to the United States Constitution provides that all defendants charged with a crime have the right to effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on a claim of ineffective assistance of counsel bears a "heavy burden in overcoming this presumption."

Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

1.     Ground One

Petitioner was originally indicted on September 27, 2005, and the Court appointed Norman Butler and Wilbert Sherrill to represent him on October 4, 2005.[1] Petitioner contends that Mr. Butler filed a motion for the appointment of an investigator to locate potential witnesses for Petitioner's defense. However, despite the passage of several months, Mr. Butler failed to

_____

[1] On June 28, 2008, the Grand Jury returned a second superseding indictment upon which Petitioner was tried and convicted.

identify any potentially effective defense witnesses. (3:12-cv-00379, Doc. No. 1 at 4).[2] Petitioner

filed a pro se motion for new court appointed counsel and therein contended that Mr. Butler had

failed to dedicate sufficient time to his case and that Petitioner had yet to speak to any

investigator regarding his defense. (3:05-cr-00339, Doc. No. 77). Mr. Butler later filed a motion

to withdraw citing Petitioner's "total lack of confidence" in him and noting that Petitioner

erroneously believed that the Government lacked sufficient evidence to convict him of the §

922(g) offense and the possession of a firearm during and in relation to a drug trafficking crime

because the Government did not have possession of the handgun at issue in the robbery of Clark.

Mr. Butler flatly disagreed with Petitioner's assessment of the strength of the Government's case

and observed that the attorney-client relationship was irreparably broken. (Id., Doc. No. 129:

First Motion to Withdraw). This motion to withdraw was denied. Mr. Butler then filed a second

motion to withdraw again citing the irreparable deterioration of the attorney-client relationship.

On January 22, 2008, this second motion to withdraw was allowed and both of his attorneys were

released and the Court appointed Richard Culler and Scott Gsell to represent Petitioner. (Id.,

Doc. Nos. 160, 161). Mr. Culler promptly filed a motion for authorization to hire an investigator

pursuant to 18 U.S.C. § 3006A(e) which was granted by the Court. (Id., Doc. No. 166: Order).

 In his § 2255 motion, Petitioner contends that attorneys Culler and Gsell were ineffective

because even though they retained an investigator, the attorneys failed to identify any favorable

defense witnesses. Petitioner contends that this failure to present defense witnesses led to his

conviction on the drug trafficking conspiracy charged in Count One. Petitioner argues that the

failure to investigate prohibited his counsel from being able to successfully "dissuade the jury

---

[2] Mr. Butler did in fact hire an investigator after the Court granted his ex parte motion. (Id., Doc. No. 113).

from believing the evidence presented by the government, by contesting the existence of a conspiracy." (3:12-cv-00379, Doc. No. 1 at 5). This argument is without merit.

Petitioner's counsel vigorously contested the drug conspiracy; however, the evidence of Petitioner's involvement was simply too much for the defense to surmount. Petitioner's counsel attacked the credibility of the witnesses but alas it is the job of the jury to make the credibility determinations and weigh the evidence presented. In sum, the testimony of three co-defendants as to Petitioner's involvement in the drug conspiracy who were indicted along with Petitioner was overwhelming as was the evidence of LaQuana McGrant as to Petitioner's involvement in the drug trade. Moreover, Petitioner's counsel did utilize their investigator and subpoenaed witnesses to testify however as Mr. Culler stressed at trial, every witness they had under subpoena was also under a Government subpoena to testify. (3:05-cr-00339, Doc. No. 254: Trial Tr. at 357-58).[3] Further, the Court specifically noted following return of the jury verdict that defense counsel provided excellent cross-examination of the Government's witnesses and that the defense presented a tremendous amount of evidence at trial. (Id., Doc. No. 258: Trial Tr. at 214).

Petitioner's claim of ineffective assistance of counsel here is wholly conclusory and fails to support any finding that had his counsel prepared and tried his case differently that there could have been any other outcome to his trial. Put another way, despite his extensive discussion in his § 2255 motion of the elements of the drug conspiracy charged in Count One that the Government was charged with proving, Petitioner fails to alert this Court as to what defense witnesses he contends his counsel should have presented or what these phantom witnesses would have

---

[3] Citations to the trial transcript are made to the page number in the bottom footer of the page that is generated by the Electronic Case Filing System.

testified about. For these reasons, this ground for relief will be denied.

> 2.      Ground Two

Next, Petitioner argues that his counsel was ineffective in failing to request a buyer/seller instruction. (3:12-cv-00379, Doc. No. 1 at 7). This contention is plainly belied by the record as his counsel did request – and receive – such an instruction, and counsel stressed the important nature of the buyer/seller instruction in his closing argument. (3:05-cr-00339, Doc. No. 258: Trial Tr. at 4) (Petitioner present during charge conference); 41-42 (Petitioner's counsel requests buyer/seller instruction); and 86 (Court explains buyer/seller instruction to the jury). Petitioner's claim here is without merit and wholly at odds with the record and it will be denied.

> 3.      Ground Four

In his next claim of ineffective assistance of counsel, Petitioner argues that the Court abused its discretion in applying the first-degree murder cross-reference under USSG § 2A1.1 rather than the cross-reference for second-degree murder under § 2A1.2. As Petitioner maintains, his trial counsel should have perceived that the application of the cross-reference was in error and challenged it at sentencing. (3:12-cv-00379, Doc. No. 1 at 12).

In Count Three of his superseding indictment, the Grand Jury alleged that Petitioner committed murder as defined in 18 U.S.C. § 1111 during the course of the drug conspiracy when he and Montare Goodman robbed and shot Marvin Clark, and the trial jury convicted him of this count.[4] During his sentencing hearing, the Court specifically found that by a preponderance of the evidence presented at trial that Petitioner committed felony murder and not first-degree murder and found the offense level of 38 for second-degree murder rather than a 43 offense level

---

[4] Section 1111 clearly applies to the use of a firearm during the commission of a robbery that leads to the death of the victim.

as would have applied for first-degree murder. Coupled with this adjusted offense level and his Level 4 criminal history category, Petitioner's Guidelines range for this offense became 324 to 405-months' imprisonment. (3:05-cr-00339, Doc. No. 259: Sentencing Tr. at 6-7). In sum, Petitioner's recollection of the record is erroneous, and he has therefore failed to demonstrate that his counsel deprived him of ineffective assistance or that he was prejudiced.

4.      Ground Five

In his final claim of ineffective assistance of counsel, Petitioner plows the familiar ground which this Court rejected in his first ground for relief by again arguing that the evidence was insufficient to support his conviction for conspiracy in Count One, and therefore his trial counsel was ineffective in failing to successfully defend against the charge. (3:12-cv-00379, Doc. No. 14). As Petitioner maintains, because his conspiracy conviction cannot stand, his conviction on Count Three should likewise be set aside because the drug conspiracy charged in Count One served as the conspiracy charged in Count Three. Namely, that Petitioner committed murder (a crime of violence) during and in relation to the drug trafficking crime that is charged in Count One. (3:05-cr-00339, Doc. No. 179: Second Superseding Indictment at 3). Because the evidence was more than sufficient to support Petitioner's conviction of the drug conspiracy, this claim for relief will be denied.

5.      Ground Three

In this claim, Petitioner revisits his challenge which he raised in his direct appeal that this Court erred in admitting evidence under Rule 404(b) of his prior 2004 involvement with drug and gun possession, and possession of drug paraphernalia because the admission of such evidence was unduly prejudicial and should have been excluded under Rule 403. The Fourth

Circuit squarely rejected this argument on appeal. Accordingly, this argument is foreclosed in this collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (In a § 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal) (internal citation omitted); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (internal citation omitted).

## IV.     CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion fails to state any claim upon which relief may be granted and the Government's motion to dismiss will therefore be granted.

**IT IS, THEREFORE, ORDERED** that:

1.  The Government's Motion to Dismiss is **GRANTED**. (Doc. No. 7)

2.  Petitioner's § 2255 motion is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 22, 2015

Frank D. Whitney
Chief United States District Judge